IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERICA LYNN GOLACK, )
)
       Plaintiff, )
)
-vs- ) Civil Action No. 17-1405
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
       Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 10).

**I.      BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her applications alleging she has been disabled since December 23, 2013. (ECF Nos. 6-7, pp. 2, 9). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on March 8, 2016. (ECF No. 6-3). On June 28, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 22-35).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing of Opinion Evidence

Plaintiff argues that the ALJ erred weighing the opinion evidence in this case. (ECF No. 9). Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity

of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In support of her argument that the ALJ improperly weighed the opinion evidence, Plaintiff suggests that there is medical opinion evidence to support her position "that there is substantial evidence that the Plaintiff is unable to perform any work." (ECF No. 9, p. 7).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). The question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's entire argument in this regard is misplaced.

Nonetheless, I have considered the ALJ's weighing of the opinion evidence in this case.[2] (ECF No. 6-2, pp. 22-35). As set forth above, an ALJ is not required to accept a doctor's opinion uncritically. Rather, the ALJ must weigh it in relation to all of the evidence of the record. In this case, that is exactly what the ALJ did. In so doing, the ALJ sufficiently set forth valid and acceptable reasons for weighing the opinion evidence in this case. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). After a review of the record, I find that I am able to sufficiently discern the basis for the ALJ's opinion and find that it is based on substantial evidence. (ECF No. 6-2, pp. 31-34). Therefore, remand is not warranted on this issue.

An appropriate order shall follow.

---

[2] Additionally, in support of her argument that there is substantial evidence that Plaintiff is unable to perform any work, Plaintiff cites to a supplemental report of Dr. Furman dated August 22, 2016. (ECF No. 9, p. 9). The decision of the ALJ was dated June 28, 2016. (ECF No. 6-2, p. 35). If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833. Plaintiff does not mention or discuss any the three requirements for remand based on Sentence Six. *See,* ECF No. 9. As a result, I find this argument completely undeveloped and insufficient to place the issue before me. Therefore, while considering the issue of whether the ALJ's decision is supported by substantial evidence, I will not consider said report.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERICA LYNN GOLACK,            )
                              )
          Plaintiff,          )
                              )
    -vs-                      )      Civil Action No. 17-1405
                              )
                              )
NANCY A. BERRYHILL,[3]        )
COMMISSIONER OF SOCIAL SECURITY, )
                              )
          Defendant.          )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 28th day of January, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is denied and Defendant's Motion for Summary Judgment (ECF No. 10) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.